**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Bridgitte Prince,<br>Plaintiff,<br>v.<br>Catherine Chevalier,<br>Defendant. | Civil No. 3:26-cv-01423 (SFR)<br><br>September 17, 2026 |

## RECOMMENDED RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

This is a lawsuit filed by the Plaintiff, Bridgitte Prince, against her former attorney, Catherine Chevalier. Ms. Prince alleges that her attorney failed to fulfill her contractual obligations, breached her fiduciary duties, and committed a variety of deceptive and fraudulent acts in a coordinated scheme to deprive Ms. Prince of her property rights.[1] She seeks compensatory and punitive damages.[2] She has also moved for leave to proceed *in forma pauperis*, or "IFP."[3]

When a plaintiff seeks permission to begin a lawsuit IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether she is unable to pay the fee.[4] Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines her complaint to determine

---

1 Complaint, Docket No. 1, at paras. 1-2, 36-59.
2 Complaint, Docket No. 1, at pages 11-12.
3 Application to Proceed *In Forma Pauperis*, Docket No. 2.
4 28 U.S.C. § 1915(a).

whether it "is frivolous" or "fails to state a claim on which relief may be granted."[5] If the complaint is indeed frivolous or fails to state a claim, the court must dismiss the case.[6]

United States District Judge Sarah F. Russell referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries.[7] I have thoroughly reviewed the complaint, the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, **I recommend that Judge Russell deny the IFP motion** because Ms. Prince has not shown an inability to pay the filing fee. And because Ms. Prince has not yet passed the first inquiry, I do not reach the second inquiry at this time.

## I. The Applicable Legal Standards

Ordinarily when a plaintiff files a complaint in federal court, she must pay fees totaling $405.00, consisting of a $350.00 filing fee and a $55.00 administrative fee.[8] District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees."[9] When a court allows a plaintiff to proceed this way, she is said to be proceeding "*in forma pauperis*," which is a Latin phrase meaning "in the manner of a pauper" or poor person.[10]

---

5 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

6 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

7 Order of Referral, Docket No. 10.

8 28 U.S.C. § 1914.

9 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532, 534 (2015) (plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees or paying certain expenses").

10 *Anderson v. Davis*, No. 3:26-cv-400 (SVN) (TOF), 2026 WL 2268253, at *2 n.23 (D. Conn. Aug. 6, 2026), *report and recommendation adopted*, slip op. (D. Conn. Aug. 24, 2026) (quoting Black's Law Dictionary (8th ed.) at p. 794).

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, but she does need to show that "paying such fees would constitute a serious hardship."[11] The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when her application demonstrates that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and [her] dependents with the necessities of life."[12] In other words, the plaintiff does not have to show that she is without a penny to her name, but she does need to show that paying the $405 fee would interfere with her ability to support herself and her family. The idea behind this rule is that "no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life."[13]

In considering whether a plaintiff has made that showing, courts often look to the poverty guidelines published by the United States Department of Health and Human Services. In *Fuentes v. United States*, for example, the Court of Federal Claims concluded that the plaintiff would face a "serious hardship" if forced to pay the filing fee, because his income as "not significantly above poverty level."[14] And in *Potnick v. Eastern State Hospital*, the Court of Appeals for the Second Circuit likewise concluded that the plaintiff was entitled to proceed IFP because his monthly income was "significantly below poverty level."[15] Conversely, in *Dow v. Colvin* a magistrate judge recommended denial of an IFP motion because the plaintiff's family income meaningfully exceeded the poverty guidelines.[16] Several judges have reached the same conclusion here in the

---

11 *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007).
12 *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).
13 *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).
14 *Fuentes v. United States*, 100 Fed. Cl. 85, 92 (2011).
15 *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).
16 *Dow v. Colvin*, No. 4:13-cv-299 (ABJ), 2013 WL 1952092, at *1 (N.D. Tex. Apr. 15, 2013).

District of Connecticut, including Judge Dooley in *Furst v. Connecticut*,[17] Judge Thompson in *DiCarlo v. Secretary of Health and Human Services,*[18] and Judge Williams in *Andrews v. U.S. Bank National Association*.[19]

**II. Applying These Principles to Ms. Prince's Case**

In her IFP affidavit, Ms. Prince says that she receives approximately $8,000 in gross pay or wages per month.[20] She receives $4,200 in veterans' disability and $1,200 in social security benefits.[21] Even presuming that Ms. Prince inadvertently included her $5,400 in veterans' disability and social security benefits in her gross pay or wages, her gross income works out to approximately $96,000 per year, or six times the poverty threshold.[22] She claims $3,225 in monthly living expenses, as well as a $515 auto loan payment.[23] Her household gross monthly income exceeds her stated monthly expenses by $4,260, which is more than ten times the $405.00 filing fee. With respect to assets, Ms. Prince had $1,000 in a checking or savings account at the time of her IFP application.[24] She also owns a 2019 Buick Enclave.[25]

---

17 *Furst v. Connecticut,* No. 3:23-cv-569 (KAD) (TOF), 2023 WL 11852428, at *2-3 (D. Conn. June 12, 2023), *report and recommendation adopted*, slip op. (D. Conn. Aug. 2, 2023).

18 *DiCarlo v. Secretary of Health and Human Services,* No. 3:23-cv-139 (AWT) (TOF), 2023 WL 11852421, at *1-2 (D. Conn. Feb. 15, 2023), *report and recommendation accepted*, slip op. (D. Conn. May 17, 2023).

19 *Andrews v. U.S. Bank National Association*, No. 3:22-cv-456 (OAW) (TOF), 2022 WL 2287689, at *1-2 (D. Conn. Apr. 8, 2022), *recommendation adopted*, slip op. (D. Conn. Apr. 26, 2022).

20 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 1.

21 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 1.

22 The Annual Update of the Poverty Guidelines promulgated by the Department of Health and Human Services most recently set the poverty guidelines for a single-person household in the 48 contiguous States at $15,960. https://www.federalregister.gov/documents/2026/01/15/2026-00755/annual-update-of-the-hhs-poverty-guidelines.

23 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 2.

24 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 2.

25 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 2. Although Ms. Prince did not describe the value of this vehicle, I note that Kelly Blue Book reports a "fair purchase

When plaintiffs have assets that are several times the filing fee, and when their income meaningfully exceeds their expenses and the federal poverty guidelines, courts frequently deny their motions for leave to proceed IFP. In *Furst v. Connecticut*, for example, the plaintiff's "monthly income of $1,450, while not high, exceed[ed] the federal poverty guidelines for a household of one," and it also exceeded his monthly expenses by $550.[26] Similarly, in *Hurley v. Ithaca City School District Board of Education*, a New York federal court denied IFP status to a plaintiff who had $1,117 in the bank and a monthly family income that was 178% of the federal poverty guidelines.[27] People whose assets exceed the filing fee by a meaningful amount, and whose income exceeds both their expense levels and the poverty guidelines, generally have not proven that they are entitled to IFP status.[28]

In this case, Ms. Prince had $1,000 on hand at the time she filed for IFP status, and her income exceeds her expenses by $4,260 each month. On the record before me, I cannot conclude that this is a case in which paying the fee would present Ms. Prince with a choice "between abandoning a potential meritorious claim or foregoing the necessities of life."[29]

---

price" of $13,750 for the cheapest model. *See* https://www.kbb.com/buick/enclave/2019/ (last visited Sep. 15, 2026).

26 *Furst v. Connecticut*, No. 3:23-cv-569 (KAD) (TOF), 2023 WL 11852428, at *3 (D. Conn. June 12, 2023), *report and recommendation accepted and adopted,* slip op. (D. Conn. Aug. 2, 2023).

27 *Hurley v. Ithaca City School District Board of Education*, No. 3:20-cv-0328 (DNH/ML), 2020 WL 1937561 (N.D.N.Y. Apr. 22, 2020).

28 *See Morales v. Rembisz*, No. 3:20-cv-00192 (JCH) (TOF), slip op. at 3-4 (D. Conn. Feb. 14, 2020) (expressing skepticism that a family of four with a gross annual income of $44,280 could qualify for *in forma pauperis* status, but deciding motion on other grounds).

29 *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

## III. Conclusion and Recommendation

For the foregoing reasons, I recommend that Judge Russell deny Ms. Prince's IFP motion. If my recommendation is accepted, this would mean that Ms. Prince would be required to pay the filing fee or her case could be dismissed.[30]

This has been a "recommended ruling" by a United States Magistrate Judge. Ms. Prince has the right to lodge an objection to my recommendation with her presiding District Judge, Judge Russell. **If she wishes to do so, however, she must file that objection in writing with the Clerk of the Court by October 6, 2026.**[31] If Ms. Prince does not file a timely objection, she may not thereafter assign as error any claimed defect in this recommended ruling.[32] Failure to file a timely objection will also preclude appellate review.[33] **If Ms. Prince does not wish to file a timely objection, she is directed to pay $405 to the Clerk of the Court. She is respectfully advised that if she neither objects nor pays the filing fee, her case may be dismissed.**

*Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge

---

30 *See, e.g.*, *Richardson v. Napoli*, No. 9:09-cv-1440 (TJM) (DEP), 2010 WL 1235383 (N.D.N.Y. Mar. 30, 2010) (dismissing case where plaintiff had neither obtained IFP status nor paid the filing fee).

31 Fed. R. Civ. P. 72(b)(2) (stating that objections to Magistrate Judges' recommended dispositions shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for plaintiffs who, like Ms. Prince, will receive notice of the recommended disposition by mail).

32 D. Conn. L. Civ. R. 72.2(a).

33 *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).